# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE E. DEWBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL FULKS, et al.,<br><br>    Defendants.<br>                                                            / | CASE NO. 1:10-cv-00621-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 12<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On April 9, 2010, Plaintiff Leslie E. Dewberry ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 3, 2011, the Court issued a screening order, dismissing Plaintiff's case, with leave to file an amended complaint. Doc. 9. On May 2, 2011, Plaintiff filed his first amended complaint. Doc. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names Daniel Fulks, Associate Warden; M.A. Baires, Correctional Lieutenant; T. Akin, Correctional Lieutenant; and Doe Defendants 1 through 100, who were employed at California Substance Abuse Treatment Facility / Prison at Corcoran.

Am. Compl. at 1-2, Doc. 12.

Plaintiff alleges that on March 3, 2008, his cellmate brought three gallons of pruno (inmate manufactured alcohol) in their cell. *Id.* at 4. Shortly thereafter, correctional officer S. Williams searched their cell and discovered the pruno. *Id.* On March 10, 2008, correctional officer A. Lyons issued Plaintiff a rules violation report ("RVR"), charging him with manufacturing alcohol. *Id.* On March 19, 2008, Defendant Baires held a hearing for the RVR and found Plaintiff guilty. *Id.* at 5. Plaintiff contends the finding of guilt was arbitrary and capricious and without evidence that Plaintiff had predisposed intent or active collusion with his cellmate to violate the regulation. *Id.* The finding of guilty caused Plaintiff loss of credits, loss of privileges, increase in classification score, and a disciplinary record to be viewed adversely by the Board of Prison hearings. *Id.* For relief, Plaintiff seeks to expunge the disciplinary action, restore credits, restore his classification score, and compensatory damages. *Id.* at 3.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Claims Arising from Inmate Appeals Decisions

Plaintiff's claims against Defendants arise from their involvement in the inmate appeals process. Plaintiff cannot pursue any claims against staff for violation of the Due Process Clause relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under § 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, *Iqbal*, 129 S. Ct. at 1949; *Jones*, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with a decision on a subsequent administrative review of a grievance of that underlying violation, *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

#### B. Violation of State Prison Rules and Regulations

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events

complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### C. Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff allegations arise out of the adjudication of the RVR dated March 10, 2008, charging him with manufacturing alcohol.

As previously stated, the administrative review of Plaintiff's appeal grieving the violation of his rights relating the adjudication of his disciplinary charge provides no basis for liability. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

Plaintiff's due process claims fail on two grounds. First, Plaintiff was assessed a credit forfeiture as a result of being found guilty of the charge. Am. Comp. at 3-4, Doc. 12. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Known as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies

1 the unlawfulness of the State's custody." *Dotson*, 544 U.S. at 81. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Plaintiff does not allege that he succeeded in overturning the guilty finding or that his credit loss was otherwise restored. If that is so, Plaintiff is barred from litigating in this action any claim which, if successful, would invalidate the disciplinary finding which led to the credit forfeiture. Within the purview of the favorable termination rule would be any due process challenge to the issuance of the RVR or to the disciplinary hearing, as a finding in Plaintiff's favor would necessarily invalidate the finding of guilt.

Second, even if Plaintiff's claim is not barred by the favorable termination rule because he did not ultimately lose time credits, his due process claim still fails. Plaintiff has not identified the existence of a protected liberty interest. Neither the reduction in Plaintiff's privileges or his classification score implicates a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process, violations of state rules and regulations, and due process.

### IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the undersigned HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 21, 2012

UNITED STATES MAGISTRATE JUDGE